UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEANETTE STOFLETH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MORGAN STANLEY SMITH BARNEY, LLC,<br><br>　　　　Defendant. | Case No. C20-937RSL<br><br>ORDER GRANTING MOTION TO COMPEL AND STAYING THE CASE |

This matter comes before the Court on defendant's "Motion to Dismiss Plaintiff's Complaint and Compel Arbitration" (Dkt. # 10). The Court has reviewed the parties' submissions and the relevant record.[1]

### I.　　BACKGROUND

Plaintiff Jeanette Stofleth filed a lawsuit against her former employer, defendant Morgan Stanley Smith Barney, LLC, alleging claims related to her recruitment and employment, including claims for violations of the Washington Law Against Discrimination, violations of the Family and Medical Leave Act, violations of "RCW 49.48[,] 49.52, and 49.58," and promissory estoppel and detrimental reliance. Dkt. # 1-1. On June 18, 2020, this matter was removed from King County Superior Court. Dkt. # 1. Defendant now moves to compel arbitration and dismiss. Dkt. # 10.

---

[1] The Court finds this matter suitable for disposition without oral argument.

ORDER GRANTING  MOTION TO COMPEL
AND STAYING THE CASE - 1

## II. DISCUSSION

The Federal Arbitration Act ("FAA") requires courts to "direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008). Accordingly, "the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" Id. (quoting Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)). Although these "gateway issues of arbitrability presumptively are reserved for the court, the parties may agree to delegate them to the arbitrator." Momot v. Mastro, 652 F.3d 982, 987 (9th Cir. 2011). The Supreme Court has cautioned courts against assuming that "parties agreed to arbitrate arbitrability unless there is 'clear and unmistakable' evidence that they did so." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995) (quoting AT & T Techs., Inc. v. Commc'ns Workers of America, 475 U.S. 643, 649 (1986) (alterations omitted)). The Ninth Circuit has held that language delegating to arbitrators the authority to determine "the validity or application of any of the provisions of" the section governing arbitration demonstrated that the parties "clearly and unmistakably agreed to arbitrate the question of arbitrability." Momot, 652 F.3d at 988. Notably, where a party does not challenge the specific language delegating this authority to arbitrate arbitrability, and instead argues that the entire arbitration provision is invalid, the Court need not determine whether such a delegation provision is unconscionable. See Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 70–72 (2010) (holding that unless the plaintiff "challenged the delegation provision specifically," a court must treat it as valid and enforce it); Brennan v. Opus Bank, 796 F.3d 1125, 1132–34 (9th Cir. 2015) (applying Rent-A-Center, West, Inc. to an employment contract with an arbitration provision and a delegation provision).

Defendant argues that plaintiff's claims must be arbitrated pursuant to a binding arbitration agreement between the parties. On plaintiff's first day of employment, she was presented with a Financial Advisor Employment Agreement ("Employment Agreement"), which

she signed. Dkt. # 12-1; Dkt. # 11 ¶ 3. The Employment Agreement includes an arbitration provision that states the following, in relevant part:

> You agree to arbitrate any dispute, claim or controversy that may arise between you and Morgan Stanley . . . You acknowledge that a current version of Morgan Stanley's Arbitration Agreement applicable to your employment with Morgan Stanley is attached to [the Employment] Agreement. You further agree that the attached Arbitration Agreement is incorporated by reference and constitutes a material part of the terms of your employment with Morgan Stanley. Therefore, you agree to accept and be bound by the terms and conditions set forth therein in their entirety. The Arbitration Agreement provides, among other things, that you agree to have all Covered Claims (as defined in the Arbitration Agreement)[2] resolved by final and binding arbitration . . . . Except as otherwise expressly agreed, any dispute as to the arbitrability of a particular issue or claim pursuant to this arbitration provision must be resolved in arbitration.

Dkt. # 12-1 at 6–7 (emphasis added). Plaintiff initialed the paragraph of the Employee Agreement containing this arbitration provision. Dkt. # 12-1 at 7. Although defendant asserts that the Employment Agreement and the Arbitration Agreement are valid and that the obligation to arbitrate covers all of plaintiff's claims, defendant's primary argument is that the parties have delegated issues of arbitrability to an arbitrator to decide, not the Court. The delegation provision here provides that "any dispute as to the arbitrability of a particular issue or claim pursuant to this arbitration provision must be resolved in arbitration." Dkt. # 12-1 at 7.

Plaintiff contends that procedural unconscionability invalidates the Employment Agreement and the Arbitration Agreement and that the Court should decide the unconscionability issue. Plaintiff neglects, however, to address the parties' delegation provision

---

[2] The Arbitration Agreement states that "Covered Claims" include those claims

> between you and Morgan Stanley . . . based on, arising out of, or which arose out of or in any way relate to your employment, compensation, and terms and conditions of employment with Morgan Stanley . . . or the termination thereof, and claims based on, arising out of, or which arose out of or in any way relate to your recruitment or application for employment and hiring.

Dkt. # 12-1 at 9.

ORDER GRANTING MOTION TO COMPEL
AND STAYING THE CASE - 3

specifically. See generally Dkt. # 15. The Court need not reach plaintiff's unconscionability challenge because the parties have clearly and unmistakably delegated this kind of gateway issue to an arbitrator and plaintiff has not challenged the unconscionability of the delegation provision. In plain terms, this delegation provision provides that disputes over "arbitrability" must be determined via arbitration. Because plaintiff has not challenged the unconscionability of the delegation provision specifically, the Court treats this provision as valid and will enforce it. See Rent-A-Center, West, Inc., 561 U.S. at 70–72; Debesay v. Sec. Indus. Specialists, Inc., No. 2:20-CV-00927-RAJ, 2021 WL 962549, at *2–3 (W.D. Wash. Mar. 15, 2021) (granting a motion to compel arbitration after concluding that the Court need not determine whether a delegation provision was unconscionable where the plaintiff did not challenge it). Thus, those gateway disputes, i.e., whether a valid agreement to arbitrate exists and whether the agreement covers plaintiff's claims, must be determined by arbitration.

According to the FAA, if a court determines that an issue is referable to arbitration pursuant to an arbitration agreement, the court should "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. That said, a court may also dismiss a case where all claims are barred by an arbitration provision. Sparling v. Hoffman Const. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988). Here, where the Court has not analyzed the gateway disputes, the Court finds it prudent to exercise its discretion to stay this action rather than dismiss.

### III.   CONCLUSION

For all of the foregoing reasons, the Court GRANTS in part defendant's motion to compel arbitration and dismiss (Dkt. # 10). This matter is hereby STAYED. The Clerk of Court is directed to enter a statistical termination in this case. Such termination is entered solely for the purpose of removing this case from the Court's active calendar. If the arbitrator rules in plaintiff's favor on the issue of arbitrability, the parties shall file a joint status report within fourteen days of the arbitrator's ruling and propose a discovery cut off and trial date.

DATED this 17th day of August, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO COMPEL
AND STAYING THE CASE - 5